**The relief described hereinbelow is SO ORDERED.**


**Signed January 06, 2026.**

_____
**CHRISTOPHER G. BRADLEY**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 25-11125-CGB** |
| | § | |
| **PHILIP VON BACKSTROM,** | § | |
| | § | |
| Debtor. | § | **Chapter 7** |

### MEMORANDUM OPINION ON RETAINER IN TRUST
### RECEIVED PREPETITION BY DEBTOR'S COUNSEL

## Introduction

In this opinion, the Court holds that an attorney holding an unearned prepetition retainer in trust is a custodian of estate property under 11 U.S.C. § 543. Because in chapter 7 cases, estate property cannot be used to compensate attorneys for legal matters that do not benefit the estate, the retainer must be returned to the trustee for the benefit of the bankruptcy estate.

## Background

Debtor, Philip von Backstrom, filed this chapter 7 case on July 25, 2025. On Part 7 of Debtor's Statement of Financial Affairs, he listed two payments to the Law

1

Office of Michael Baumer: one payment of $2,622 on June 19, 2025, and another payment of $15,000 on July 21, 2025.[1]

On October 3, 2025, John Patrick Lowe, the chapter 7 trustee in this case, filed his *Motion to Review the Fee Paid by the Debtor Regarding the Case* [ECF No. 17], asking the Court to order Debtor to turn over the latter $15,000 payment.[2] Debtor filed a response [ECF No. 27]. The Court held a hearing on November 18, 2025. At the hearing, Debtor's counsel, Michael Baumer, clarified that the $15,000 payment was as a security retainer[3] to be billed against and was not a flat fee. Debtor paid the $15,000 retainer (hereinafter the "Retainer") for Mr. Baumer to defend him against anticipated adversary proceedings.

**Under Texas law, the Retainer is property of the bankruptcy estate.**

As of the time Debtor filed his bankruptcy petition, all of his "legal or equitable interests in property" became property of the bankruptcy estate.[4] Because "property interests are created and defined by state law,"[5] the Court must look to Texas law to determine whether the Retainer belongs to Debtor's bankruptcy estate or Debtor's counsel.

While the term "retainer" is sometimes casually used to describe *any* sum of money transferred from a client to an attorney, legally, money is categorized differently (and must be treated differently) depending on the circumstances under

[1] ECF No. 1 at 73.

[2] Federal Rule of Bankruptcy Procedure 7001(a) contemplates that a "proceeding to recover money or property" should be brought as an adversary proceeding rather than by motion. There is an exception for proceedings under Federal Rule of Bankruptcy Procedure 2017; this exception could conceivably apply here, although the Court is skeptical, since Bankruptcy Rule 2017 appears primarily to deal with the "excessive[ness]" of fees—which is not what is at issue here. In any case, Mr. Baumer, a very knowledgeable and experienced bankruptcy attorney, has not objected to this potentially defective procedural posture, and in the interest of judicial efficiency and based upon the apparent consent of the parties, the Court will decide it based on the current record and posture. *See In re Davis*, 40 B.R. 934, 936 (Bankr. D.S.D. 1984).

[3] *See Barron v. Countryman*, 432 F.3d 590, 595–96 (5th Cir. 2005) ("A security retainer involves fees paid to counsel for prospective services. The debtor retains an interest in the funds until services are actually rendered. Pending the rendition of services, the attorney merely 'holds' the funds for the debtor." (citations omitted) (citing *In re McDonald Bros. Constr., Inc.*, 114 B.R. 989, 999–1001 (Bankr. N.D. Ill. 1990))).

[4] 11 U.S.C. § 541(a)(1).

[5] *See Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 451 (2007) (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)).

2

which it is given to the attorney.[6] A flat fee is given to an attorney with the understanding that it will cover set tasks.[7] A "true retainer" is a non-refundable "advance fee to secure a lawyer's services and remunerate [the lawyer] for loss of the opportunity to accept other employment."[8] Finally, what is sometimes referred to as a "security retainer" or an "advance fee" is what attorneys typically think of when they hear the term: a sum of money held in a trust account against which an attorney bills.[9] In essence, an attorney with a security retainer is a secured creditor; the attorney's hours worked are secured by the money in the trust account.[10] In contrast to a flat fee or "true retainer" arrangement, an attorney with a security retainer has not earned the funds at the time of receipt; this is why they are required to be held in a trust account rather than in the attorney's operating account.[11]

The Retainer in this case was a security retainer. At the hearing, Mr. Baumer, Debtor's counsel, testified that this was not a flat fee arrangement.[12] While he was unable to specify the exact hourly rate agreed upon in this case, he explained that he would be billing against the retainer at an hourly rate. Because the Retainer was not earned at the time of receipt, it was, in fact, Debtor's property at the time of filing.[13] Therefore, once the case was filed, the Retainer became property of the bankruptcy estate.[14]

---

[6] *See generally Barron*, 432 F.3d at 595 (explaining "three general categories" of retainer agreements (citing *McDonald Bros. Constr., Inc.*, 114 B.R. at 996–98)).

[7] *See Propel Fin. Servs., LLC v. Perez*, No. 01-17-00682-CV, 2018 WL 3580935, at *5 (Tex. App.—Houston [1st Dist.] July 26, 2018, no pet.) (characterizing flat fees as "presumably based on an agreement between client and law firm for the amount to be charged for certain repeated tasks undertaken by the firm."). Flat fee arrangements are well known in bankruptcy, as they are almost ubiquitous in chapter 13 cases. *Cf.* Standing Order Regarding Benchmark Fees in Chapter 13 Cases, Bankr. W.D. Tex. (Dec. 18, 2024).

[8] Tex. Comm. on Prof'l Ethics, Op. 431, 49 Tex. B.J. 1084, 1084 (1986); *see also Cluck v. Comm'n for Lawyer Discipline*, 214 S.W.3d 736, 739–40 (Tex. App.—Austin 2007, no pet.). This is a less-common method of attorney compensation and is particularly scrutinized. *See id.*; Tex. Comm. on Prof'l Ethics, Op. 611, 74 Tex. B. J. 945 (2011).

[9] *Cluck*, 214 S.W.3d at 740 (citing Tex. Disciplinary R. Prof'l Conduct 1.14 cmt. 2).

[10] *See In re Matthews*, 154 B.R. 673, 676 (Bankr. W.D. Tex. 1993).

[11] *Cluck*, 214 S.W.3d at 740 ("Advance fee payments must be held in a trust account until they are earned." (citing Tex. Disciplinary R. Prof'l Conduct 1.14 cmt. 2)).

[12] Mr. Lowe, an experienced chapter 7 trustee, declined to cross-examine Mr. Baumer.

[13] *E.g.*, *In re Off. Prods. of Am., Inc.*, 136 B.R. 964, 970 (Bankr. W.D. Tex. 1992) (citing 11 U.S.C. § 541(a)(1)) (collecting cases).

[14] *See* 11 U.S.C. § 541(a)(1); *Ames v. Boughton (In re Prudhomme)*, 43 F.3d 1000, 1004 (5th Cir. 1995) ("If a debtor retains an equitable interest in an unearned prepetition retainer, the unearned portion becomes property of the estate upon filing of the petition for bankruptcy." (first

**The Retainer is subject to turnover under section 543.**

The Bankruptcy Code requires a custodian in possession of property of the estate to account for and turn over such property.[15] As discussed above, the Retainer is property of the estate. Mr. Baumer has an obligation under Texas state law to hold the Retainer, as all unearned client funds, in trust.[16] He is, then, a custodian of estate property.[17] Therefore, the Trustee is entitled to both an accounting and turnover of the Retainer.[18]

**Payment for legal services that do not benefit the estate must come from non-estate funds.**

Section 330 of the Bankruptcy Code allows the use of estate funds to compensate an attorney providing services "reasonably likely to benefit the debtor's estate" or "necessary to the administration of the case."[19] In the chapter 7 context,[20] estate property cannot be used to compensate an attorney for defense of dischargeability actions or to protect exemptions.[21] Here, because the Retainer is

---

citing 11 U.S.C. § 541(a)(1), and then citing *In re Mondie Forge Co.*, 154 B.R. 232, 238 (Bankr. N.D. Ohio 1993))).

[15] 11 U.S.C. § 543.

[16] *See Cluck*, 214 S.W.3d at 740 (citing Tex. Disciplinary R. Prof'l Conduct 1.14 cmt. 2).

[17] *See In re Miell*, No. BKR 09-01500, 2009 WL 2253256, at*4 (Bankr. N.D. Iowa July 27, 2009), *aff'd*, No. C09-112-MWB, 2009 WL 2590515 (N.D. Iowa Aug. 19, 2009).

[18] *See id.*; 11 U.S.C. § 543.

[19] 11 U.S.C. § 330(a)(4)(A); *see also, e.g.*, *Mondie Forge Co.*, 154 B.R. at 237 ("Section 330 applies to the review of a retainer, if the retainer is property of the estate." (citing *McDonald Bros. Constr., Inc.*, 114 B.R. at 993)).

[20] Note, however, by contrast to chapter 7 (and chapter 11 for that matter), that "[i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case . . . ." 11 U.S.C. § 330(a)(4)(B); *see also In re Schlomer*, 672 B.R. 915, 919 (Bankr. W.D. Tex. 2025).

[21] *See, e.g.*, *In re Spurgeon*, No. 07-34063, 2008 WL 4372762, at *2 (Bankr. E.D. Tenn. Sept. 18, 2008) ("[O]nly those fees which benefit the estate or increase the assets of the estate may be compensable from the estate—not those fees which further personal interests of the individual." (quoting *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995))); *In re Haller*, No. 09-21693, 2009 Bankr. LEXIS 3515, at *5–*6 (Bankr. E.D. Ky. Oct. 28, 2009) ("Activities which benefit the debtor personally rather than the estate, such as defense of a dischargeability action, are not compensable out of funds that would otherwise be considered estate assets."); *see generally Lamie v. U.S. Trustee*, 540 U.S. 526, 538–39 (2004) ("[W]e hold that § 330(a)(1) does not authorize

estate property, it cannot be used for its intended purposes: to defend against the pending adversaries and objection to exemption in this case.[22] Therefore, it must be returned to the estate and debtor's counsel must be paid from non-estate funds for these actions.[23]

**IT IS THEREFORE ORDERED** that Attorney Michael Baumer shall provide an accounting of the Retainer to the Trustee.

**IT IS FURTHER ORDERED** that Attorney Michael Baumer shall turn over the Retainer to the Trustee.

# # #

---

compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327. If the attorney is to be paid from estate funds under § 330(a)(1) in a Chapter 7 case, he must be employed by the trustee and approved by the court.").

[22] This is in contrast to the first payment of $2,622, which was for prepetition services related to the filing of the chapter 7 case and is not contested by the trustee.

[23] The Court recognizes the practical difficulties that this legal principle may pose for chapter 7 debtors. *See Schlomer*, 672 B.R. at 917 (noting that chapter 7 debtors must often "draw on their exempt property or upon family and friends to help pay their legal bills" when post-petition litigation arises). And the Court emphasizes that Mr. Baumer is not accused of behaving inappropriately in this matter in any way. However, as the Court understands it, the Bankruptcy Code as it stands simply does not permit a debtor's attorney to be paid in this fashion.